IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case no. 6:21-cr-03016-BCW-1 |
| PATRICIA ASHTON DERGES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S POST-SUPERSEDING INDICTMENT MOTION TO COMPEL GOVERNMENT PRODUCTION OF DISCOVERY AND FOR SANCTIONS

COMES NOW Defendant, Patricia Derges, by and through her counsel, and for Defendant's Motion to Compel Government Production of Discovery and Sanctions or, in the Alternative, for Dismissal, states to the Court as follows:

1. The undersigned counsel recently was engaged to represent the Defendant herein.

2. On the 17th day of February, 2021, the undersigned formally entered as counsel of record for the Defendant herein.

3. On the 23rd day of February, 2021, the undersigned issued a letter to the Assistant U.S. Attorneys of record in the present case to address, among other matters, the production of discovery herein ("Discovery Production Request Letter"), a true and correct copy of which is attached hereto, incorporated herein by reference and marked Exhibit A.

4. Counsel for the Defendant and AUSA Shannon Kempf have exchanged email correspondence relating to the Discovery Production Request Letter. The exchange of correspondence in this regard occurred both prior to and after the unsealing by the Court of the Superseding Indictment herein.

1

5. At the time of the Arraignment of the Defendant following the unsealing of the Superseding Indictment, Defendant's counsel and AUSA Kempf discussed the issues of the Defendant with the prohibitively restrictive nature of the terms unilaterally being mandated by the Government in its Discovery Production Request letter. A compilation of the email chain of correspondence by and between Defendant's counsel and AUSA Kempf in this regard is attached hereto, incorporated herein by reference, and marked Exhibit B.

6. Good faith efforts thereafter to reconcile issues relating to Exhibit A with the Government have been unsuccessful.

7. The Government's unilateral mandate of a protocol which restricts and encumbers the flow and access of documentation with participating counsel representing the Defendant and the Defendant is problematic and effectively disrupts to the detriment of the Defendant her right to meaningful counsel during even the most robust of non-COVID times. The COVID-19 pandemic, the national emergency arising therefrom, social distancing mandates and health concerns, in addition to the general geographic location of the Defendant and her counsel, all combine to significantly compromise the attorney-client relationship; the ability of counsel to provide legal advice to Defendant; and the Defendant's ability to garner meaningful interaction with her counsel.

8. The Government appears to see fit to restrict the ability of Defendant to be provided access to copies of discovery, the detailed review of which by the Defendant is necessary for the Defendant to fully prepare for trial herein.

9. The Government has set forth no bona-fide reason for unilaterally imposing the restrictions on Defendant's access to discovery.

10. Upon and information and belief, the discovery herein contains a not insignificant amount of documentation and records.

11. Defendant resides in the Western District of Missouri (Nixa) and Defendant's counsel offices in the Eastern District of Missouri (St. Louis).

12. Defendant is actively serving as a State Representative in Jefferson City, Missouri.

13. Given the Government's unrestrained protracted and much ballyhooed press conference announcing details of the original Indictment against the Defendant herein, the Government has no colorable rationale behind the restrictions and encumbrances which naturally flow from the unilaterally mandated protocol set forth in the attached Exhibit A.

14. In short, the Defendant and her counsel seek access to the discovery of the Government in a fashion devoid of restrictions and encumbrances which serve no good faith or credible purpose such as to permit the Defendant and her counsel to each have unrestrained access to the Government's discovery for the preparation of Defendant's defense herein and for use herein.

WHEREFORE, Defendant prays this Honorable Court issue an Order directing the Government to immediately release the Government's discovery herein, to award the Defendant her attorney's fees incurred to prepare and prosecute the present motion and, in the absence of the prompt compliance by the Government with the Order sought, the alternative remedy of dismissal of the charges herein, and for such other and further relief as the Court deems just and appropriate in the circumstances.

KODNER WATKINS, LC


By: /s Albert S. Watkins
ALBERT S. WATKINS, LC MO#34553
7733 Forsyth Boulevard, Suite 600
Clayton, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile
E-mail: albertswatkins@kwklaw.net

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

Signature above is also certification that on April 5, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.

# EXHIBIT A



**U. S. Department of Justice**

*Timothy A. Garrison*
*United States Attorney*
*Western District of Missouri*

Office of the United States Attorney    (417) 831-4406
The Hammons Tower    Fax (417) 831-0078
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2512

February 24, 2021

Albert S. Watkins
Kodner Watkins, LC
7733 Forsyth Blvd., Suite 600
St. Louis, MO 63105

Re: **Agreement for Non-Dissemination of Discovery for All Current and Future Cases**

Dear Mr. Watkins:

Discovery in all criminal cases is furnished to you based on your agreement that you will not copy or disseminate the material in any fashion. You, others on your staff, and your client are free to review and otherwise work with the discovery in your office, but copies of the discovery cannot be given to your client to take out of your office, nor is the discovery or any part of it to be copied or disseminated in any manner, to include any paper or electronic reproduction. Furthermore, upon the conclusion of a case, you are required to return to us all the discovery production you received from our office.

If we learn that this agreement has been violated during the pendency of a case, we will withhold additional discovery until disclosure is mandated by statute. Further, if a determination is made that the unauthorized dissemination was intentional, then this office may consider withholding discovery until mandated by statute in all future cases in which you appear as counsel of record.

The United States Attorney's Office has experienced serious problems in the past when copies of discovery materials were provided to defendants in criminal cases. Consequently, we appreciate your complete cooperation with this policy.

Please sign a copy of this letter and return it to the undersigned as soon as possible. Once the signed letter is returned, discovery materials will be produced in any current case and in future cases.

Sincerely,

*/s/ Shannon Kempf*
Shannon Kempf
Assistant United States Attorney

**I/We agree to the conditions of production stated above for all current and future cases in which I/We represent a defendant in a criminal prosecution in the Western District of Missouri.**

_____      _____
Dated      Albert S. Watkins
     Kodner Watkins, LC

# EXHIBIT B

**From:** Kempf, Shannon (USAMOW) [mailto:Shannon.Kempf@usdoj.gov]
**Sent:** Monday, March 29, 2021 4:43 PM
**To:** Albert Watkins <al@kwklaw.net>
**Cc:** Eggert, Randy (USAMOW) <Randy.Eggert@usdoj.gov>
**Subject:** RE: USA v. Derges [6:21-cr-03016-BCW][21-145 AG MF]

Mr. Watkins, in response I will reiterate once again:

1.	The method of discovery articulated in our letter is standard throughout the Western District of Missouri, and we do not intend to make an exception in this case.
2.	The discovery policy articulated in the letter exceeds the Government's discovery obligations under Rule 16. If you do not want to sign the letter, we will give you Rule 16 discovery as required, but you will have to come into our office to view it.
3.	If you have issues with this approach, please set a discovery conference with the Court under Local Rule 37.01 in order to discuss.
4.	If you would like, you may also contact our district's Criminal Chief, Jeff Valenti, about this policy. He can be reached in Kansas City at 816-426-3122.

Regards,

Shannon Kempf
Assistant United States Attorney
Western District of Missouri

**From:** Albert Watkins <al@kwklaw.net>
**Sent:** Monday, March 29, 2021 11:19 AM
**To:** Kempf, Shannon (USAMOW) <SKempf@usa.doj.gov>
**Subject:** Re: USA v. Derges [6:21-cr-03016-BCW][21-145 AG MF]

This ignores the most important component of my objection to the protocol you are unilaterally mandating. My duty to my client cannot be discharged under the protocol you are requiring.

You also ignored my questions regarding the basis for this draconian protocol.

Please promptly fully respond.

Sent from my iPhone

Albert S. Watkins LC
Kodner Watkins, LC
7733 Forsyth Blvd., Suite 600
St. Louis, Missouri 63105
314-727-91111
314-727-9110 Facsimile
albertswatkins@kwklaw.net
www.kwklaw.net

**PRIVACY NOTICE**

Thistransmission including its attachments, is from the law firm of Kodner Watkins, LC. This electronic communication contains information that is confidential and is protected by the attorney-client or attorney work product privileges. If you receive this transmission and/or its attachments and you are not the intended recipient, promptly delete this message and please notify the sender of the delivery error by return e-mail or please call the sender at 314-727-9111. You are specifically instructed that you may not forward, print, copy or distribute or use the information in this message if you are not the intended designated recipient.

**SECURITY NOTICE**

The Missouri Bar and The Missouri Supreme Court Rules require all Missouri attorneys to notify all E-Mail recipients that (1) E-Mail communication is not a secure method of communication; (2) any E-Mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and, (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the E-Mail is passed. I am communicating with you by E-Mail at your request and with your consent. In the event you do not wish this form of communication in the future, upon your notification of same, no further E-Mail communication will be forthcoming.

On Mar 29, 2021, at 11:10 AM, Kempf, Shannon (USAMOW) <Shannon.Kempf@usdoj.gov> wrote:

Dear Mr. Watkins:

Thank you for your e-mail of this morning. As you have not signed the Discovery Non-Dissemination Letter, discovery in this matter is available to you, as it has been since February, in the manner described in my previous e-mails on this subject.

Sincerely,

Shannon Kempf
Assistant United States Attorney
Western District of Missouri

**From:** Albert Watkins <al@kwklaw.net>
**Sent:** Monday, March 29, 2021 8:07 AM
**To:** Kempf, Shannon (USAMOW) <SKempf@usa.doj.gov>
**Cc:** Robert Seipp <rseipp@kwklaw.net>; Tony Bretz <tbretz@kwklaw.net>; Aimee Gronborg <agronborg@kwklaw.net>
**Subject:** FW: USA v. Derges [6:21-cr-03016-BCW][21-145 AG MF]

Dear Mr. Kempf:

Please consider this my good faith effort to resolve issues relative to the Government's unilateral attempt to impose a draconian discovery non-dissemination letter as a condition precedent to the release of discovery in this matter.

As you know, I have been attempting to resolve this issue with you since my entry in February, 2021. Our prior email exchange is embedded below.

Additionally, we discussed this issue prior to and during Court proceedings last Friday. At that time I shared with you my primary concern, namely my ability to copy and provide my client with the discovery to permit meaningful preparation of her defense herein given geographic, temporal and pandemic induced factors of significance. Given the Superseding Indictment, I wish to go on record with this follow-up good faith attempt to reconcile this important discovery issue.

Over the weekend I raised in a separate letter and reiterate herein my concern with the Government's characterization of this case, its discovery, and even its charging documents as classified or otherwise warranting the restrictions imposed by the discovery non-dissemination letter…this despite the publication by the Government of the "Secret" Indictment and unsealing of the "Secret" Superseding Indictment. I have not heard back from you in this regard.

Given the speedy trial issues at play, please promptly advise me of the Government's position in this regard. Awaiting the favor of a timely response, I remain

Very truly yours,

Albert S. Watkins, LC
Watkins LLC, dba
Kodner Watkins
7733 Forsyth Blvd., Suite 600
St. Louis, MO 63105
Phone: 314-727-9111
Email: albertswatkins@kwklaw.net

**PRIVACY NOTICE**

This electronic transmission/communiqué/message including its attachments, is from the law firm of Kodner Watkins, LC. This electronic communication contains information that is confidential and is protected by the attorney-client or attorney work product privileges. If you receive this transmission and/or its attachments and you are not the intended recipient, promptly delete this message and please notify the sender of the delivery error by return e-mail or please call the sender at 314-727-9111. You are specifically instructed that you may not forward, print, copy or distribute or use the information in this message if you are not the intended designated recipient.

**SECURITY NOTICE**

The Missouri Bar and The Missouri Supreme Court Rules require all Missouri attorneys to notify all E-Mail recipients that (1) E-Mail communication is not a secure method of communication; (2) any E-Mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and, (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the E-Mail is passed. I am communicating with you by E-Mail at your request and with your consent. In the event you do not wish this form of communication in the future, upon your notification of same, no further E-Mail communication will be forthcoming.

**From:** Kempf, Shannon (USAMOW) [mailto:Shannon.Kempf@usdoj.gov]
**Sent:** Thursday, February 25, 2021 12:09 PM
**To:** Albert Watkins <al@kwklaw.net>
**Subject:** RE: USA v. Derges [6:21-cr-03016-BCW][21-145 BB MF]

Mr. Watkins,

Attached, please find our standard Agreement for Non-Dissemination of Discovery ("Agreement"). Please review, sign, and return it to me at your earliest convenience. Upon receipt of the signed Agreement, I will provide you discovery in the United States v. Patricia Ashton Derges, 21-03016-01-CR-S-BCW ("U.S. v Derges") in electronic format. In the alternative, discovery in this matter is available to you for inspection, copying, or photographing, pursuant to Federal Rule of Criminal Procedure 16, at the US Attorney's Office-Western District of Missouri, Springfield, Missouri. If you choose the latter option, you must reach out to me in advance so that we can make appropriate arrangements.

With regard to your representation in this matter, thank you for making me aware that you represent Ozark Valley Medical Clinic, LLC, in addition to Patricia Derges. As you know, Patricia Derges is the only person or entity indicted in U.S. v. Derges. Given that, it would be beneficial if you could provide me with a list of the persons and entities that you have been retained to represent in relation to the matter, U.S. v. Derges, so that we may determine if that representation is appropriate under the circumstance, and if there will be potential conflict issues throughout the pendency of the case.

Sincerely,

Shannon Kempf
Assistant United States Attorney
Western District of Missouri

**From:** Albert Watkins <al@kwklaw.net>
**Sent:** Wednesday, February 24, 2021 7:45 AM
**To:** Kempf, Shannon (USAMOW) <SKempf@usa.doj.gov>; Cameron, Shawnette (USAMOW) <SCameron@usa.doj.gov>
**Subject:** USA v. Derges [6:21-cr-03016-BCW][21-145 BB MF]

Dear Ms. Kempf and Ms. Cameron:

By way of introduction, I am counsel of record for Dr. Derges in connection with the above matter. My entry of appearance was reflected as a matter of record on February 17, 2021.

I am wholly unaccustomed to being compelled to issue a letter of this nature to anyone associated in virtually any fashion with the Department of Justice. I have always looked upon the Department of Justice as the model of professionalism which serves to set a high bar for others to emulate. My opinion in this regard has never faltered. My opinion is based on decades of professional interaction with the Department of Justice around the country. I have worked across the courtroom with DOJ personnel as counsel for criminally accused since the mid-1980s. I have worked collaboratively with the DOJ in

significant part during this period. The professionalism and ethical standards employed by the DOJ personnel with whom I have interacted have been punctiliously employed.

With that as a backdrop, I wish to respectfully communicate and address concerns relative to the above matter.

As you are aware, my client operates clinics under the limited liability company Ozark Valley Clinics, LLC ("OVC"). OVC is a one member limited liability company owned by my client. I represent OVC.

I have been advised that two individuals (one male and one female), one of whom identified himself as a special agent with the Federal Bureau of Investigation ("FBI"), appeared at my client's Springfield clinic yesterday morning. I have been advised the same two individuals appeared at OVC's Ozark clinic yesterday afternoon.

I am advised that the Special Agents involved did not inquire of the OVC employees if they were represented prior to commencing inquiry. I received no notice of the contact by federal law enforcement authorities with my client's company's employees. As such, the special agents involved do not appear to have been in a position to garner the affirmative representation of the individuals with whom the special agents spoke that they were not represented by counsel prior to propounding inquiries of any nature.

The foregoing is of particular concern given what appears to be investigative undertakings being pursued and conducted **post-indictment.** This is atypical, especially when it involves employees of a represented party.

The foregoing is also of particular concern given the similarly atypical tenor and substance of a prior press conference conducted under the auspices of the Department of Justice in connection with this case. I am awaiting a transcript of the press conference for further review.

In light of the foregoing:

1. Please confirm for me whether you were aware of yesterday's visits by the FBI Special Agents of my client's business and questioning of my client's employees prior to their appearances at my client's places of business.
2. Please confirm for me the names of the Special Agents involved.
3. Please promptly provide me with the 302s prepared to memorialize the undertakings of the FBI Special Agents post-indictment at my client's places of business yesterday.

Also, out of an abundance of caution to ensure my receipt of a comprehensive set of discovery in this matter, kindly provide me with a complete set of the discovery package understood to have been produced by the Government to my predecessor counsel.

While I undertake to garner clarity about the totality of circumstances noted above, I request you promptly disclose to me and coordinate any further investigative undertakings involving appearances at my client's places of business or interviewing or contacting any of my client's employees through me.

The favor of a prompt reply is appreciated.

Thank you.

Very truly yours,


Albert S. Watkins, LC
Kodner Watkins, LC
7733 Forsyth Blvd., Suite 600
St. Louis, MO 63105
Phone: 314-727-9111
Email: albertswatkins@kwklaw.net

**PRIVACY NOTICE**

This electronic transmission/communiqué/message including its attachments, is from the law firm of Kodner Watkins, LC. This electronic communication contains information that is confidential and is protected by the attorney-client or attorney work product privileges. If you receive this transmission and/or its attachments and you are not the intended recipient, promptly delete this message and please notify the sender of the delivery error by return e-mail or please call the sender at 314-727-9111. You are specifically instructed that you may not forward, print, copy or distribute or use the information in this message if you are not the intended designated recipient.

**SECURITY NOTICE**

The Missouri Bar and The Missouri Supreme Court Rules require all Missouri attorneys to notify all E-Mail recipients that (1) E-Mail communication is not a secure method of communication; (2) any E-Mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and, (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the E-Mail is passed. I am communicating with you by E-Mail at your request and with your consent. In the event you do not wish this form of communication in the future, upon your notification of same, no further E-Mail communication will be forthcoming.