IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-03016-01-CR-S-BCW |
| | ) | |
| PATRICIA ASHTON DERGES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Non-Party Abacus CPAs, LLC's Motion to Quash Subpoena or in the Alternative for Court Order Permitting Production of Documents. (Doc. 118.) Upon review, the Motion is **GRANTED** in part and **DENIED** in part.

Under Rule 17 of the Federal Rules of Criminal Procedure, a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates . . . On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." "Rule 17(c) 'was not intended to provide an additional means of discovery,' and such evidentiary materials may be subpoenaed only if there is 'a good-faith effort made to obtain evidence.'" *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-20 (1951)). The Court may quash the subpoena if it finds the burden of producing the "subpoenaed records greatly outweighs any relevance they may have to the case." *Id.* at 756.

In its Motion, Abacus CPAs, LLC ("Abacus") alleges that under Missouri and federal law its relationship as Defendant's accountant justifies quashing the subpoena. Specifically, Abacus states that 26 U.S.C. § 7525 provides a limited accountancy privilege between accountants and taxpayers in *noncriminal* matters and that 26 U.S.C. § 7216 sets forth potential criminal liability if accountants knowingly or recklessly disclose information furnished for the preparation of tax

returns, unless such disclosure is pursuant to a court order. In support, Abacus cites numerous civil cases. The Government responds, highlighting that (1) this is a criminal matter and therefore, § 7525 is inapplicable; (2) any privilege under Missouri law is waived since the documents at issue were provided to Abacus for the preparation of tax returns; and (3) since no privilege is affected by the subpoena, no court order is required.

Based on the reasoning set forth in the Government's response, the Court finds that § 7525 does not apply because this is a criminal case, not a civil one, and the relevance of the subpoenaed records as relates to the criminal prosecution at hand outweighs any burden to Abacus in producing the records. *See Couch v. United States*, 409 U.S. 322, 335 (1973). Further, any privilege, to the extent it applies, is waived under Missouri law. Nevertheless, out of abundance of caution, the Court will order Abacus to comply with the subpoena.

Accordingly, the Motion is **GRANTED** in part and **DENIED** in part, and Abacus CPAs, LLC's is **ORDERED** to comply with the subpoena.

**IT IS SO ORDERED.**

                                                /s/ David P. Rush
                                                **DAVID P. RUSH,**
                                                **UNITED STATES MAGISTRATE JUDGE**

Date: May 27, 2022