# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA ASHTON DERGES,<br><br>Defendant. | Case No. 21-03016-01-CR-S-BCW |

## MOTION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

## SUPPORTING SUGGESTIONS

1. On March 23, 2021, the defendant, Patricia Ashton Derges, was charged in a Superseding Indictment. Relevant to this motion, Counts One through Eight and 21 through 23 charged wire fraud, in violation of Title 18, United States Code, Section 1343. (D.E. 18.)

2. The Forfeiture Allegation of the Superseding Indictment sought forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of the violations incorporated by reference in this Allegation, including but not limited to a personal money judgment against the defendant, Patricia Ashton Derges. *Id.*

3. On April 13, 2021, an Amended Notice and Bill of Particulars for Forfeiture of Property was filed by the United States giving notice that it is seeking forfeiture of the following

property: approximately $287,565.33 in United States currency seized from a Great Southern Bank Account, ending in 4503, in the name of Ozark Valley Medical Clinic LLC, on or about March 24, 2021, an account controlled by Patricia Ashton Derges as proceeds directly traceable to the violations alleged in Counts One through Eight and 21 through 23 of the Superseding Indictment. (D.E. 27.)

4. On June 27, 2022, a jury found the defendant, Patricia Ashton Derges, guilty of, *inter alia,* Count One through Eight and 21 through 23 of the Superseding Indictment. The jury also determined that the United States established the requisite nexus between the above-described property and the offenses committed by the defendant. (D.E. 82.)

5. The Court's jurisdiction in this matter is founded upon Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, which provides that:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . . of this title, or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense

28 U.S.C. § 2461(c), provides that:

> This forfeiture statute is a civil forfeiture statute. However, pursuant to 28 U.S.C. § 2461(c), any forfeiture that can be pursued as a civil action can also be pursued as a criminal forfeiture by alleging the forfeiture in the Information or Indictment. The procedures to forfeit property pursuant to 28 U.S.C. § 2461(c), are the same procedures set forth in 21 U.S.C. § 853, other than subsection (d) of that section.

6. In discussing Title 21, United States Code, Section 853 and the related provision for forfeiture under Title 18, United States Code, Section 1963 (RICO), the Senate Report notes that this language "emphasizes the mandatory nature of criminal forfeiture, requiring the Court to order forfeiture in addition to any other penalty imposed." S. Rep. No. 225 98th Cong., 2d Sess. 200, 211, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3383, 3394. Thus, according to the relevant statute, the Court *must* enter a Preliminary Order of Forfeiture in favor of the United States

and against the defendant's interests in property found to have been acquired, maintained, or used in violation of the underlying forfeiture statute. *United States v. Viloski*, 814 F.3d 104, 110 n. 11 (2nd Cir. 2016); *United States v. Louthian,* 756 F.3d 295, 306-07 (4th Cir. 2014); *United States v. Bieri*, 68 F.3d 232, 235 (8th Cir. 1995).

    7.    Rule 32.2 (b)(1)(A) and (B), 32.2(b)(2)(A), (b)(2)(C) and (B), and 32.2(b)(3), Federal Rules of Criminal Procedure, provide that:

> (b)(1)(A) As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an Indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> (b)(2)(A) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).
>
> (b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:
>
> > (i) lists any identified property;

3

> (ii) describes other property in general terms; and
>
> (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of money judgment has been calculated.
>
> (b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value
> pending any appeal.

8. Based upon the evidence presented at the trial held on June 13, 2022 - June 27, 2022, the United States has established the requisite nexus between the property and the offenses of which the defendant has been found guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461. Upon entry of an order of forfeiture authorized under Section 853, the Court shall authorize the Attorney General or his designee to seize all property ordered forfeited upon terms and conditions the Court deems appropriate. *Id*. at § 853(g).

9. In accordance with the provisions of Title 21, United States Code, Section 853(p) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

10. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853, the United States will publish for at least 30 consecutive days on the government's official web site, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States Marshal Services' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant,

Patricia Ashton Derges, having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on Shannon T. Kempf, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property listed above and order the United States to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By

*/s/ Shannon T. Kempf*
Shannon T. Kempf
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

## CERTIFICATE OF SERVICE

  I hereby certify that on August 3, 2022, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

                */s/ Shannon T. Kempf*
                Shannon T. Kempf
                Assistant United States Attorney