# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **PATRICIA ASHTON DERGES,** <br><br> Defendant. | **Case No. 21-03016-01-CR-S-BCW** |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for an Amended Preliminary Order of Forfeiture.

In the Forfeiture Allegation of the Superseding Indictment in this case, the United States sought forfeiture of all property, real and personal, constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of the offenses alleged in Counts One through Eight and Twenty-One through Twenty-Three, including but not limited to a personal money judgment against the defendant, Patricia Ashton Derges pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code Section 2461. (D.E. 18.)

On April 13, 2021, an Amended Notice and Bill of Particulars for Forfeiture of Property was filed by the United States giving notice that it is seeking forfeiture of the following property: approximately $287,565.33 in United States currency seized from a Great Southern Bank Account, ending in 4503, in the name of Ozark Valley Medical Clinic LLC, on or about March 24, 2021, an account controlled by Patricia Ashton Derges as proceeds directly traceable to the violations alleged in Counts One through Eight and Twenty-One through Twenty-Three of the Superseding Indictment. (D.E. 27.)

On June 28, 2022, a jury found the defendant, Patricia Ashton Derges, guilty of, *inter alia,* Count One through Seven and Twenty-One through Twenty-Three of the Superseding Indictment. The jury also determined that the United States established the requisite nexus between the above-described property and the offenses committed by the defendant. (D.E. 182.)

The Court has determined, based upon the evidence set forth in the jury's special verdict the United States has established the requisite nexus between the property described herein and in the Forfeiture Allegation of the Superseding Indictment and the offenses of which the defendant has been found guilty.

By virtue of the guilty verdict and the evidence admitted at trial, the United States has likewise established the requisite nexus for a money judgment against the defendant.

Accordingly, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461.

Accordingly, it is hereby ORDERED:

1. Based upon the guilty verdict and the jury's determination that the property is subject to forfeiture and the Forfeiture Allegation in the Superseding Indictment, the above-described property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n). (third party provisions).

2. Furthermore, the defendant Patricia Ashton Derges shall pay to the United States a personal money judgment to be determined by the Court at sentencing.

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Pursuant to Title 21, United States Code, Section 853, the United States shall publish for at least 30 consecutive days on the government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant Patricia Ashton Derges, having or claiming a legal interest in the above-described property must file a petition with the Court (and serve a copy on Shannon T. Kempf, Assistant United States Attorney), within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing (or before if the defendant consents) and shall be made part of the sentence and included in the judgment.

6. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

SO ORDERED:

Dated: September 27, 2022

/s/ Brian C. Wimes
BRIAN C. WIMES
United States District Judge